ORIGINAL

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| D. Edward Hays, #162507<br>RUS, MILIBAND & SMITH, APC<br>Seventh Floor<br>2600 Michelson Drive<br>Irvine, CA 92612<br>(949) 752-7100<br>(949) 252-1514<br><br>[X] Attorney for Debtor, AARON R. BALDWIN | FILED 05 MAY 19 PM 3:23 |
| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | CHAPTER 13<br>CASE NUMBER LA05-10793 VZ |
| In re AARON R. BALDWIN<br><br><br><br>Debtor(s). | RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN CHAPTER 13 DEBTORS AND THEIR ATTORNEYS |

It is important for Debtors who file a chapter 13 bankruptcy case to understand their rights and responsibilities. It is also important for Debtors to know what their attorneys' responsibilities are and to communicate carefully with their attorneys to make the case successful. Debtors also are entitled to expect certain services to be performed by their attorneys. In order to assure that Debtors and their attorneys understand their rights and responsibilities in the bankruptcy process, the following rights and responsibilities have been adopted by the court. The signatures below indicate that the responsibilities outlined in the agreement have been accepted by the Debtors and their attorneys.

Any attorney retained to represent a Debtor in a chapter 13 case is responsible for representing the Debtor on all matters arising in the case, until otherwise ordered by the court. When appropriate, the attorney may apply to the court for compensation additional to the maximum initial fees set forth below in this agreement.

**BEFORE THE CASE IS FILED, THE DEBTOR AGREES TO:**

1.  Discuss with the attorney the Debtor's objectives in filing the case.

2.  Timely provide the attorney with accurate information, financial and otherwise, including all required proof of income such as from employment, rentals, social security, workers' compensation, pension, disability, and self-employment (including at a minimum business income and expense reports for 6 months).

**AFTER THE CASE IS FILED, THE DEBTOR AGREES TO:**

1.  Timely make the required monthly payments.

2.  Comply with the chapter 13 rules and procedures.

*(Continued on next page)*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

May 2003                                                                                                                F 3015-1.7

Rights and Responsibilities Agreement Between Chapter 13 Debtors  
and Their Attorneys - *Page 2 of 5*

F 3015-1.7

| In re AARON R. BALDWIN | CHAPTER 13 |
|---|---|
| Debtor(s). | CASE NUMBER LA05-10793 VZ |

3. Keep the chapter 13 trustee and attorney informed of the Debtor's current address and telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney promptly if the Debtor loses his or her job, encounters other new or unexpected financial problems, or if the Debtor's income increases or the Debtor receives, or learns of the right to receive, money or other proceeds of an inheritance or legal action.

6. Let the attorney know if the Debtor is sued during the case or if the Debtor commences a lawsuit or intends to settle any dispute.

7. Inform the attorney if any tax refunds to which the Debtor is entitled are seized or not received when expected by the Debtor from the IRS or Franchise Tax Board.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any long-term loan agreement.

9. Pay directly to the attorney any filing fees. Other out-of-pocket expenses that may be incurred cannot be paid without prior application and order, subject to the "Guide To Applications For Professional Compensation" issued by the United States Trustee for the Central District of California.

**ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES:**

The guidelines in this district for payment of attorneys' fees in chapter 13 cases without a detailed fee application provide for the following maximum initial fees for the services described in this agreement in bold face type (that is, the services described on pages 3 and 4 of this agreement): $3,000 in cases where the Debtor is self-employed; or $2,500 in all other cases. In this case, the parties agree that the fee for the services described in bold face type in this agreement will be $ 3,000.00    .

Other than the initial retainer, the attorney may not receive fees directly from the Debtor prior to confirmation. All other fees due through confirmation shall be paid through the plan unless otherwise ordered by the court.

If the attorney performs tasks on behalf of the Debtor not set forth in bold face, the attorney may apply to the court for additional fees and costs, but such applications will be reviewed by both the chapter 13 trustee and the court. The attorney agrees to charge for such additional services at the rate of $ 350.00    per hour. In such application, the attorney shall disclose to the court any fees paid or costs reimbursed by the Debtor and the source of those payments.

If the Debtor disputes the legal services provided or the fees charged by the attorney, the Debtor may file an objection with the court and request a hearing. Should the representation of the Debtor create a hardship, the attorney may seek a court order allowing the attorney to withdraw from the case. The Debtor may discharge the attorney at any time.

*(Continued on next page)*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

May 2003

F 3015-1.7

Rights and Responsibilities Agreement Between Chapter 13 Debtors
and Their Attorneys - *Page 3 of 5*

F 3015-1.7

| In re AARON R. BALDWIN | CHAPTER 13 |
|---|---|
| Debtor(s). | CASE NUMBER LA05-10793 VZ |

**THE ATTORNEY AGREES TO PROVIDE AT LEAST THE FOLLOWING LEGAL SERVICES BEFORE THE CASE IS FILED:**

1. Personally meet with the Debtor to review the Debtor's assets, liabilities, income, and expenses.

2. Personally counsel the Debtor regarding the advisability of filing either a chapter 13 or a chapter 7 case, discuss both procedures with the Debtor, and answer the Debtor's questions.

3. Personally review with the Debtor the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later.

4. Personally explain to the Debtor that the attorney is being engaged to represent the Debtor on all matters arising in the case, as required by Local Bankruptcy Rule 3015-1(t), and explain how and when the attorney's fees and the trustee's fees are determined and paid.

5. Timely prepare and file the Debtor's petition, plan, statements, and schedules.

6. Explain which payments must be made directly to creditors by the Debtor and which payments will be made through the Debtor's chapter 13 plan, with particular attention to mortgage and vehicle payments.

7. Explain to the Debtor how, when, and where to make the chapter 13 plan payments.

8. Explain to the Debtor how, when, and where to make postpetition mortgage, mobile home, and manufactured home payments.

9. Advise the Debtor of the necessity to maintain appropriate insurance.

**AFTER THE CASE IS FILED, THE ATTORNEY AGREES TO PROVIDE AT LEAST THE FOLLOWING LEGAL SERVICES:**

1. Advise the Debtor of the requirement to attend the 341(a) meeting of creditors, and instruct the Debtor as to the date, time, and place of the meeting. Inform the Debtor that the Debtor must be punctual and, in the case of a joint filing, that both spouses must appear.

2. The attorney must attend the 341(a) meeting and any court hearings, either personally or through another attorney from the attorney's firm or through an appearance attorney.

3. "Punctual" means that the attorney and the Debtor(s) must be present in time for check-in. After checking in, if the attorney finds it necessary to request second call, the attorney and the Debtors must be present for examination before the end of the calendar.

*(Continued on next page)*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

May 2003

F 3015-1.7

| Rights and Responsibilities Agreement Between Chapter 13 Debtors and Their Attorneys - *Page 4 of 5* | F 3015-1.7 |
|---|---|
| In re AARON R. BALDWIN | CHAPTER 13 |
| Debtor(s). | CASE NUMBER LA05-10793 VZ |

4. Advise the Debtor who, if not the attorney, will appear on the Debtor's behalf at the 341(a) meeting or any court hearing.

5. If the attorney will be using an appearance attorney to attend the 341(a) meeting or any court hearing, explain to the Debtor in advance, if possible, the role and identity of the appearance attorney. In any event, the attorney is responsible to prepare adequately the appearance attorney in a timely fashion and to furnish the appearance attorney with all necessary documents, hearing notes, and other necessary information in sufficient time to allow for review of such information and proper representation of the Debtor.

6. Timely submit to the chapter 13 trustee properly documented proof of income for the Debtor, including business reports required by Local Bankruptcy Rule 3015-1(c)(4).

7. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

8. Timely prepare, file, and serve any necessary amended statements and schedules and any change of address, in accordance with information provided by the Debtor.

9. Monitor all incoming case information throughout the case (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6 month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

10. Review the claims register within 60 days after entry of a plan confirmation order.

11. File objections to improper or invalid claims, when appropriate.

12. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

13. Prepare, file, and serve motions to buy, sell, or refinance real or other property, when appropriate.

14. Timely respond to the chapter 13 trustee's motions to dismiss the case, such as for payment default, plan expiration, or infeasibility, and to motions to increase the percentage payment to unsecured creditors.

15. Represent the Debtor in response to motions for relief from stay.

16. When appropriate, prepare, file, and serve motions to avoid liens on real or personal property.

17. Be available to respond to the Debtor's questions throughout the term of the plan, and provide such other legal services as are necessary for the administration of the case before the bankruptcy court.

*(Continued on next page)*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

May 2003    F 3015-1.7

| Rights and Responsibilities Agreement Between Chapter 13 Debtors and Their Attorneys - *Page 5 of 5* | F 3015-1.7 |
|---|---|
| In re AARON R. BALDWIN | CHAPTER 13 |
| Debtor(s) | CASE NUMBER LA05-10793 VZ |

**Debtor's Signature.** The Debtor's signature below certifies that the Debtor has read, understands and agrees to the best of his or her ability to carry out the terms of this agreement, agrees to the scope of this agreement, and has received a signed copy of this agreement.

**Attorney's Signature.** The attorney's signature below certifies that before the case was filed the attorney personally met with, counseled, and explained the foregoing matters to the Debtor and verified the number and status of any prior bankruptcy case(s) filed by the Debtor or any related entity, as set forth in Local Bankruptcy Rule 1015-2. This agreement does not constitute the written fee agreement contemplated by the California Business & Professions Code.

_____
Debtor
Aaron R. Baldwin

May 19, 2005
Date

_____
Debtor

_____
Date

_____
Attorney
D. Edward Hays

May 19, 2005
Date

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2600 Michelson Drive, Seventh Floor, Irvine, California 92612.

On May 19, 2005, I served the foregoing document(s) described as **RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN CHAPTER 13 DEBTORS AND THEIR ATTORNEYS** on the interested party(ies) in this action by placing a true and correct copy of each document(s) thereof,

## SEE ATTACHED SERVICE LIST

(✓) By Mail, I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices in the United States mailed at Irvine, California.

( ) By Facsimile Machine, I caused the above-referenced document(s) to be transmitted to the persons noted on the attached service list.

( ) By Personal Service, I caused such envelope to be delivered via FIRST COURIER SERVICE/FIRST LEGAL SUPPORT SERVICES by hand to the office of the addressee noted on the attached service list.

( ) By Overnight Delivery via FEDERAL EXPRESS/OVERNIGHT EXPRESS for delivery by the next business day to the addressees on the attached service list.

( ) (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(✓) (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 19, 2005, at Irvine, California.

CHANEL MENDOZA

## SERVICE LIST

*IN RE: AARON R. BALDWIN*
*Bankruptcy Case No. LA05-10793 VZ*

<u>DEBTOR</u>
BALDWIN, AARON R
3658 FAIRLAND BL
LOS ANGELES, CA 90043

<u>CHAPTER 13 TRUSTEE</u>
NANCY K CURRY
606 S. OLIVE ST, SUITE 1850
LOS ANGELES, CA 90014
213-689-3014

<u>U.S. TRUSTEE</u>
UNITED STATES TRUSTEE
725 S. FIGUEROA ST, 26th FLOOR
LOS ANGELES, CA 90017

722/222497v1 cm 5/19/05 5 (2594-0001)